**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN R. HAGEN, | No. 09-56432 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02205-MMA-CAB |
| v. | |
| NCR CORPORATION and DOES 1 through 100, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 15, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

The district court granted summary judgment to Defendant NCR

Corporation on Plaintiff Glen R. Hagen's claims under California's Fair

Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq., for

disability discrimination, failure to accommodate, and failure to engage in an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

interactive process. On de novo review, <u>Humphrey v. Mem'l Hosps. Ass'n</u>, 239 F.3d 1128, 1133 (9th Cir. 2001), we affirm.

1. The district court properly concluded that Plaintiff was not a "qualified individual" for purposes of FEHA. At the time he took disability leave, the medical documentation showed that he could not work at all because of severe memory deficits. Later medical documentation demonstrated that Plaintiff's condition was progressive and that his inability to work was permanent.

2. The district court properly concluded that Plaintiff did not suffer an "adverse employment action" for purposes of FEHA. <u>Akers v. County of San Diego</u>, 116 Cal. Rptr. 2d 602, 612 (Ct. App. 2002). Although Defendant proposed to lay him off, it did not do so. Instead, Plaintiff remained employed until his employment ended for a different reason (the end of long-term disability benefits).

3. Plaintiff argues that Defendant should have engaged in an interactive process or accommodated him during the two years before he took disability leave. But he continued to work at his regular position, without requesting an accommodation, and was fully paid until the point at which he himself successfully contended that he no longer could work at all. In the circumstances, Defendant had no obligation to engage Plaintiff in an interactive process or to find an

accommodation for Plaintiff's disability prior to Plaintiff's disability leave.  Avila v. Cont'l Airlines, Inc., 82 Cal. Rptr. 3d 440, 453 (Ct. App. 2008).

4.  Plaintiff also argues for an interactive process and accommodation during his disability leave.  But he did not raise this issue in the district court, so it is waived.  Abogados v. AT&T, Inc., 223 F.3d 932, 937 (9th Cir. 2000).  Similarly, Plaintiff has waived his three common law claims by failing to brief them here. Cmty. House, Inc. v. City of Boise, 623 F.3d 945, 959 n.2 (9th Cir. 2010).

AFFIRMED.